IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-030-CR





WILLIAM EUGENE TRAMMELL, JR.,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF BLANCO COUNTY, 33RD JUDICIAL DISTRICT



NO. 429, HONORABLE CLAYTON E. EVANS, JUDGE PRESIDING



 





 After the jury found appellant guilty of the offense of aggravated sexual assault of
a child, Tex. Penal Code Ann. § 22.021(a)(1)(B) (West 1989), the court assessed punishment at
imprisonment for seventy-five years. The trial court's admission of evidence of extraneous
offenses forms the basis of appellant's first two points of error. The first point of error concerns
the admission of testimony relative to the appellant's action in causing the sexual organ of a dog
to penetrate the sexual organ of the alleged victim, S M J , while the second point of error
is directed to unindicted incidents of sexual relations between the appellant and S M J . In
his third point of error, appellant contends that he was deprived of his constitutional right to a fair
trial by reason of the ineffective assistance of counsel. We will reverse the conviction and remand
the cause.

 The indictment charges appellant with intentionally and knowingly sexually
assaulting S M J by causing his sexual organ to penetrate the female sexual organ of S    
M J , a child younger than fourteen years of age. S M J testified that during the two-month period she stayed with her natural mother, the appellant (her step-father) "put his private
in my private and he made me do it with a dog." While her testimony reveals that the incident
with the dog occurred on only one occasion, S M J related that the appellant put his private
in her private "a bunch of times."

 In his first point of error, appellant asserts the trial court erred in admitting
evidence of an extraneous offense concerning S M J and a dog. Prior to the introduction
of the first testimony concerning the extraneous offenses, a hearing was held outside the presence
of the jury at which the circumstances surrounding the extraneous violations were developed. 
Following the court's action in overruling appellant's objection that any probative value the
evidence of the extraneous might have would be outweighed by its prejudicial affect, Joyce Jones,
paternal grandmother of the victim, and Dr. Nancy Kellogg, an examining physician, testified that
S M J told them about sexual relations forced upon her by the appellant, and that "Gene
[appellant] put the dog on top of me and put the dog's private parts in my private parts." S M 
 J was the last witness to testify for the State in its case in chief.

 The State cites Boutwell v. State, 719 S.W.2d 164, 178-79 (Tex. Crim. App.
1985), to support its contention that the complained of violations came within the exception to the
rule excluding extraneous offenses in that they are viewed as res gestae, a part of an ongoing
course of conduct or continuing scheme in cases involving sexual abuse of the child by one
standing in a parental relationship. The Court of Criminal Appeals, in a recent opinion, Vernon
v. State, No. 1232-91 (Tex. Crim. App. November 4, 1992), held the rule in Boutwell no longer
had any force independent of Tex. R. Crim. Evid. 404(b). In Vernon, the court set forth the
following guidelines relative to the admissibility of extraneous misconduct under Rule 404(b):



Evidence of other crimes, wrongs, or acts was to be allowed thereafter only when
relevant to prove an elemental fact or an evidentiary fact of consequence to
determination of the action. Montgomery v. State, 810 S.W.2d 372, 387-88 (Tex.
Crim. App. 1990) (opinion on rehearing). Historical exceptions allowing proof of
extraneous offenses for other purposes were conspicuously omitted.

In Montgomery, we explained that the rule of Boutwell was based upon the
widespread reluctance of people to believe "that parents or others in loco parentis
would actually commit sexual crimes against their own children." Id. at 394. We
recognized that successful prosecution of such crimes almost invariably depended
upon the credibility of a child complainant, and that


[w]here the accused calls that credibility into question, evidence of other
identical or similar acts of sexual misconduct perpetrated by a parent
against his own child may well serve to shore up testimony of the child
if in logic it shows a lascivious attitude (relevant to culpable intent) and
a willingness to act on it (relevant to prohibited conduct) that a jury might
otherwise be loath to attribute to a parent toward his child.


But we insisted that admissibility under such circumstances was to be conditioned
upon relevancy of the evidence to material issues in the case. It is thus clear, at
least since Montgomery, that we no longer regard the rule of Boutwell to have any
legal force independent of Rule 404(b).



 The State further urges that the complained of evidence was admissible to rebut
appellant's defense of no access and that he was not the type of person who would commit such
offenses. Appellant's wife testified that S M J was never alone with the appellant. 
Appellant testified that he had a good relationship with S M J and that he was not the type
of person who displayed unnatural attention toward his stepdaughter.

 The first step in determining whether evidence of other crimes is admissible is its
relevance to prove an elemental fact or an evidentiary fact of consequence. There must be
sufficient distinctive characteristics in the charged offense and the extraneous misconduct to prove
a material fact issue; otherwise, the relevance of the evidence cannot outweigh its prejudicial
effect. Owens v. State, 827 S.W.2d 911, 915 (Tex. Crim. App. 1992); Collazo v. State, 623
S.W.2d 647-48 (Tex. Crim. App. 1981). In Owens, the defendant was charged with aggravated
sexual assault of a child. The evidence showed that the defendant had penetrated his eleven-year-old daughter's vagina with his finger. After the defendant took the stand and denied the alleged
offense, the State introduced testimony of the defendant's older daughter that her father had sexual
intercourse with her and had put his hand down her blouse and pants. The court found that there
were not sufficient similarities in the two offenses to prove a material fact issue. The court
reasoned that the extraneous offenses did nothing more than show character conformity in
violation of Rule 404. Owens v. State, 827 S.W.2d at 916-17.

 In Montgomery, the defendant was tried under two indictments for indecency with
two of his young daughters. The evidence to support the charged offenses showed that he had put
his hands on his daughters' genital areas. The court found that the State had no compelling need
to show that the defendant walked around naked, with an erection, in the presence of his children,
either to prove specific intent or to shore up testimony. The court reasoned that such extraneous
misconduct created a "grave potential for decision on an improper basis, as jurors may have lost
sight of specific issues they were called upon to decide and convicted appellant out of revulsion
against his parental demeanor." Montgomery v. State, 810 S.W.2d at 397.

 In the instant cause, the extraneous conduct and the primary offense cannot be
characterized as identical or similar. The only relevance of the extraneous misconduct was to
show that the appellant has a propensity for being a sadistic sexual deviant. Rule 404(b) expressly
prohibits evidence of other offenses "to prove the character of a person to show that he acted in
conformity therewith." Any probative value the extraneous offense may have was clearly
outweighed by its prejudicial affect. We conclude that the trial court abused its discretion in
admitting evidence of the extraneous offense.

 After finding that the trial court erred in admitting evidence of extraneous offenses
or misconduct in Montgomery, Owens, and Vernon, the Court of Criminal Appeals remanded to
the courts of appeal for a determination of whether the error was harmless under Tex. R. App.
P. 81(b)(2). Rule 81(b)(2) provides that an appellate court shall reverse the judgment under
review, "unless the appellate court determines beyond a reasonable doubt that the error made no
contribution to the conviction or the punishment." It is difficult to imagine more reprehensible
conduct than that shown to have been committed by the appellant in the extraneous offense. The
extremely inflammatory nature of evidence showing one in a parental relationship placing the
private parts of a dog in his stepchild's private parts is obvious.

 We conclude that the trial court's error in allowing the jury to hear testimony about
the extraneous violation prejudiced the jury's decision-making process and affected a substantial
right of the appellant. Therefore, this Court cannot determine beyond a reasonable doubt that the
error made no contribution to the conviction. We sustain appellant's first point of error. In light
of our disposition of this point of error, we find it unnecessary to address the appellant's
remaining points of error.

 The judgment is reversed and the cause remanded.



 

 Tom G. Davis, Justice

[Before Justices Jones, Kidd and Davis*]

Reversed and Remanded

Filed: January 27, 1993

[Do Not Publish]

















* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).